UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| NATHAN FORTNER and wife, | ) | | |
| LUCILLE FORTNER, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-244 |
| | ) | | (VARLAN/SHIRLEY) |
| K-V-A-T FOOD STORES, INC., | ) | | |
| d/b/a FOOD CITY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

This civil action is before the Court on plaintiffs Nathan Fortner and wife, Lucille Fortner's (the "Fortners") Motion to Remand [Doc. 4], filed June 10, 2009, in which the Fortners request that the Court remand this case to the Circuit Court of Anderson County, Tennessee. The Fortners seek remand on grounds that defendant K-V-A-T Food Stores, Inc., d/b/a Food City ("Food City"), failed to comply with 28 U.S.C. § 1446(b) when it removed this case more than one year after commencement of the action in state court. Food City has filed a response [Doc. 5]. The matter is now ripe for determination.

**I. Procedural History**

On or about September 28, 2007, the Fortners filed the Complaint [Doc. 1-1], a personal injury action, in the Circuit Court of Anderson County, Tennessee. In the Complaint, the Fortners sought $70,000.00 in damages arising from allegations that Lucille Fortner suffered personal injuries as a result of negligent actions by Food City and its agents

or employees [*Id.*]. On May 13, 2009, the Fortners sought, and were granted, leave to amend their Complaint to state a total of $230,000.00 in damages instead of the $70,000.00 sought in the original Complaint [Doc. 1-3]. On June 8, 2009, Food City filed its Notice of Removal [Doc. 1], removing the case to this Court based on diversity jurisdiction and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

**II.    Analysis**

The Fortners seek remand on grounds that Food City filed their Notice of Removal more than one year after commencement of the action in state court. The Complaint was filed in state court on September 28, 2007, and the Notice of Removal was filed in this Court on June 8, 2009, more than one year later. Accordingly, the Fortners state that such removal is well beyond the one-year limit in 28 U.S.C. § 1446(b) and therefore this case should be remanded.

In response, Food City requests that the Court apply an equitable exception to the one-year limit for removing a case from state court to federal court on diversity grounds. In support, Food City argues that the Fortners knew, or should have known, by June 4, 2008, that their total damages claim would be just over $75,000.00, the amount in controversy necessary for removal to federal court when jurisdiction is based on diversity. *See* 28 U.S.C. §§ 1332, 1441 (diversity jurisdiction and removal generally). Food City asserts that the Fortners' delay in filing a motion to amend their Complaint, an amendment which increased the amount in controversy to above $75,000, was "deliberately designed to deprive the Defendant of its right under federal law to remove the case to federal court." [Doc. 5].

### A. 28 U.S.C. § 1446(b) - The One-Year Limit

Statutes conferring removal jurisdiction are to be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Title 28 of the United States Code, section 1446(b), one of the statutes pertaining to removal, provides, in pertinent part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id.* A plain reading of this statute dictates that if a case is not initially removable, it cannot be removed on the basis of diversity jurisdiction more than one year after its commencement. This clear, jurisdictional limitation is not altered by later filings, such as amended complaints. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

Most courts confronting the issue of the one-year limit on removal actions have stated that 28 U.S.C. § 1446(b) clearly provides a one-year cap on a party's ability to remove a case. This has clearly been the law of this district. *Jones Mgmt. Serv., LLC v. KES, Inc.*, 296 F.Supp.2d 892, 895 (E.D. Tenn. 2003); *Brock by Brock v. Syntex Labs*, 791 F.Supp.721 (E.D. Tenn. 1992), *aff'd*, 7 F.3d 232 (Table), 1993 WL 389946 (6th Cir. Oct. 1, 1993) (unpub.). Other district courts have held similarly. *See Caudill v. Ford Motor Co.*, 271 F.Supp.2d 1324 (N.D. Okla. 2003); *Green Point Sav. Bank v. Hidalgo*, 910 F. Supp. 89 (E.D. N.Y. 1995); *Hattaway v. Engelhard Corp.*, 998 F.Supp. 1479 (M.D. Ga. 1998). Some courts dealing with

this issue have recognized that the one-year limit of § 1446(b) may give rise to inequitable results. Nevertheless, these district courts have continued to apply the statute as written. *See Brock*, 791 F.Supp. at 723; *Caudill*, 271 F.Supp.2d at 1327-28 (stating that Congress recognized, in implementing the one-year limit, that "in some circumstances, [a] plaintiff can and will intentionally avoid federal jurisdiction")..

### B. The Equitable Exception

However, other courts have recognized an "equitable exception" to the one-year limit in certain circumstances. Food City cites the case of *Tedford v. Warner-Lambert Co*, 327 F.3d 423, 427 (5th Cir. 2003), which held that 28 U.S.C. § 1446(b) "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford*, 327 F.3d at 426. In *Tedford*, the plaintiff had joined a non-diverse defendant, only to dismiss that defendant after the one-year period for removal had passed. *Id.* at 425-27. The *Tedford* court found that the plaintiff's actions were for the sole purpose of preventing removal. *Id.* at 427-28. In discussing the application of the one-year limit of § 1446(b), the *Tedford* court held that equity demanded that the plaintiff in that case be estopped from seeking a remand on the basis that the defendant had failed to comply with the one-year limit of § 1446(b). *See also Johnson v. Heublein, Inc.*, 982 F.Supp.438, 444-45 (S.D. Miss. 1997).

This case was removed based on diversity jurisdiction and therefore 28 U.S.C. § 1446(b) applies. Food City clearly filed its Notice of Removal more than one year after the action was commenced. Further, this Court respectfully disagrees with Food City and the courts that have applied the equitable exception to the one-year limit of 28 U.S.C. § 1446(b).

4

The statute clearly provides for a one-year limit on removal actions and the Court can find no controlling law that would require otherwise. Accordingly, this case should be remanded.

In so doing, the Court declines to take the position of the *Tedford* court and find that the Fortners' actions were for the sole purpose of preventing removal. Even if the Court were to apply an "equitable exception" to 28 U.S.C. § 1446(b), it is not clearly evident, from the briefs and allegations before the Court, that the Fortners were engaged in games of forum selection. This case concerns claims of personal injury. Medical bills associated with personal injury claims may not be ascertainable all at one time, and it may not be immediately apparent that such costs should be part of a potential damages award. While the Fortners did amend their Complaint to increase the amount of damages, and Food City has alleged that the Fortners "knew or should have known" that the amount of damages would exceed $75,000.00, this allegation alone, without more, does not constitute a clear manipulation of the removal statute. Accordingly, if § 1446(b) did allow for equitable relief from the one-year limit, it is not clear that such relief would be warranted on the facts of this particular case. This case must, therefore, be remanded to state court because Food City failed to remove within the one-year limit of § 1446(b).

### III. Conclusion

For the reasons stated herein**,** the Court finds that Food City's Notice of Removal [Doc. 1], filed on June 8, 2009, was filed outside the one-year limit of 28 U.S.C. § 1446(b) and thus, must be remanded. Accordingly, the Fortners' Motion to Remand [Doc. 4] will

be **GRANTED** and this case will be **DISMISSED** and remanded to the Circuit Court of Anderson County, Tennessee.

AN APPROPRIATE ORDER WILL BE ENTERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE